## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LUIS ARZENO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-40001-NMG |
| | ) | |
| | ) | |
| STEVEN O'BRIEN, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION TO DISMISS THE PETITION
## FOR A WRIT OF HABEAS CORPUS AS TIME-BARRED

The respondent, Steven O'Brien, respectfully submits this memorandum of law in support of his motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Luis Arzeno. The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions. Because his conviction became final on June 4, 1997, Arzeno had to file his federal habeas petition within a one-year limitations period that expired on June 4, 1998. This petition was not filed until January 30, 2004, however, more than five and half years after the limitations period had lapsed. Accordingly, the petition must be dismissed as time-barred.

## Prior Proceedings

On June 4, 1997, Arzeno pled guilty to one count of voluntary manslaughter. [See Exh. A at p. 2].[1] He was sentenced the same day. [Id.] Five years later – on May 15, 2002 – Arzeno moved to withdraw his guilty plea. [Id. at p. 4 (Dkt. No. 17)]. That motion was unsuccessful, as was his subsequent appeal to the Massachusetts Appeals Court. [See id. at p. 4 and Exh. B]. On October 3, 2003, the Massachusetts Supreme Judicial Court refused to undertake further appellate review. [Exh. C].

On January 30, 2004, Arzeno filed this habeas petition.

## Argument

**A.    The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

Arzeno's petition for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which became effective April 24, 1996. That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Exhibit A contains both typewritten and computerized pages due to the court's conversion from manual to computerized dockets. The docket is complete; the last typed docket entry is No. 13 and the first computer docket entry is No. 14. [See Exh. A at pp. 2, 3].

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

Because Arzeno pled guilty, his conviction became final when he was sentenced on June 4, 1997. See, e.g., Commonwealth v. Balliro, 437 Mass. 163, 166, 769 N.E.2d 1258, 1262 (2002) (a guilty plea is a conviction; after defendant pleads guilty "nothing more is required except for the court to give judgment and sentence"). Arzeno therefore had until June 4, 1998 to bring a habeas petition. 28 U.S.C. § 2244(d); Currie v. Matesanz, 281 F.3d 261, 262 (1st Cir. 2002). This habeas petition was not filed until January 30, 2004, five years and half years after the limitations period expired. The petition therefore is time-barred and must be dismissed. 28 U.S.C. § 2244(d).

**B.    The Limitations Period Was Never Tolled.**

Nor is Arzeno entitled to rely on the tolling provision set forth in § 2244(d)(2). That section tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . .." Id. While Arzeno moved to withdraw his guilty plea, he did not do so until May 15, 2002 – four years after the statute of limitations period expired. [Exh. A at p. 4]. Because Arzeno's motion was filed after the limitations period had lapsed, that motion did not toll the

limitations period.  See, e.g., Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (AEDPA's limitations period not tolled by new trial motion because, by the time it was filed, the one-year period had already expired); Dunker v. Bissonnette, 154 F. Supp.2d 95, 103 (D. Mass. 2001) (state-court motion filed after AEDPA's limitation period expired does not "revive" statute of limitations).[2]

Since Arzeno's conviction became final on June 4, 1997, he had to file his habeas petition in federal court no later than June 4, 1998.  There were no tolling events that extended the one-year limitations period.  Consequently, because Arzeno did not bring this petition until January 30, 2004, it is five and a half years too late.  Arzeno's petition therefore must be dismissed as time-barred.

---

[2]  The state docket also indicates that Arzeno moved to revoke his sentence on April 4, 2002.  [Exh. A at p. 3].  Since that motion also was filed after the limitations period lapsed, it cannot be a tolling event.  In any case, a motion to revise and revoke does not toll AEDPA's statute of limitations because it is not "State post-conviction or other collateral review" required by 28 U.S.C. § 2244(d)(2).  See Bland v. Hall, 2002 WL 989532, *2 (D. Mass., May 14, 2002), aff'd, 62 Fed. Appx. 361 (2003).

**Conclusion**

For the reasons set forth above, the petition for a writ of habeas corpus should be dismissed with prejudice.

Respectfully submitted,

Dated: March 31, 2004

THOMAS F. REILLY
ATTORNEY GENERAL


_____
Natalie S. Monroe (BBO #562383)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2833


**Certificate of Service**

I hereby certify that on March 31, 2004, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon the *pro se* petitioner, Luis Arzeno, N.C.C.I. Gardner, P.O. Box 466, Gardner, Massachusetts 01440.

_____
Natalie S. Monroe

# EXHIBIT A

NO. 9673CR0818

Commonwealth
of
Massachusetts
BSC-241

BRISTOL SS.
Superior Court for
Criminal Business
DOCKET

D.O.B.  6/5/73

COMMONWEALTH vs.  LUIS ARZENO

| | FOR THE COMMONWEALTH |
|---|---|
| ADDITIONAL CHARGES | ·John D. Moses A.D.A. |
| (i) | |
| (j) | **FOR THE DEFENDANT** |
| (k) | |
| (l) | Gerald Fitzgerald, Esq. |
| (m) | County St. |
| (n) | New Bedford, MA |
| (o) | |
| (p) | |

| | CHARGES |
|---|---|
| (a) MURDER | 265/1 |
| (b) A & B D/W | 265/15A(b) |
| (c) | |
| (d) | |
| (e) | |
| (f) | |
| (g) | |
| (h) | |

July 8, 1996   1) Entered.

July 8, 1996   Notice ordered to be given to the defendant that said indictment will be entered forthwith upon the docket
of this Court. - (Xifaras,J) MWG kan

July 8, 1996   Attested copy of indictment given to Sheriff for service on the defendant. - kan

July 8, 1996   Notice to Chief Justice and Attorney General with attested copy of indictment as required by G.L. (Ter.
Ed) 212, Sec. 7

July 10, 1996   Pleads not Guilty-MJS/ma

July 10, 1996   Deft. ordered held without bail without prejudice as to offense A. PFL/ma

July 10, 1996   2) Mittimus issued.   ma

July 12, 1996   Mittimus #2 returned with service.   ma

July 15, 1996   Deft. ordered and recognized in the amount of $100.00 personal for appearance etc. as to offense B.
PFL/ma

July 15, 1996   3) Commonwealth's Motion for deposition tp perpetuate Testimony.   ma

July 26, 1996   Commonwealth's Motion #3for deposition, after hearing Allowed. (Dolan, J.) PFL/hlm

| Aug. 28, 1996 | 4) | Commonwealth's motion for Order for taking Blood and Saliva Samples of the Defendant and Allowed. - VAB Magistrate kan (see order) |
|---|---|---|
| Aug. 28, 1996 | 5) | ORDER for taking blood samples, it is Ordered that Luis Arzeno, submit to Blood samples. - (Garsh,J) VAB kan (copy to D.A.) |
| Nov. 18, 1996 | 6) | Deft's motion to permit C.P.C.S to expend Funds for deposition transcript and Allowed. - MWG Magistrate kan |
| Nov. 25, 1996 | 7) | Notice of Commonwealth's Intent to Conduct Destuctive Testing. ORDER: The Commonwealth's testing will take place at any time between January 2 and 31, 1997, if deft. wishes to move to have expert funds he must make arrangements before that date. (Hely, J.) MWG/ma |
| Dec. 20, 1996 | 8) | Deft.'s Motion to Premit C.P.C.S. to Expend Funds for A DNA Expert. (dg) |
| Dec. 20, 1996 | 9) | Deft.'s Motion to Preserve DNA Testing Laboratory Notes. (dg) |
| Jan. 7, 1997 | | Deft.'s Motion (#8), After review of the pleadings, this motion is ALLOWED in an amount not to exceed $1,500. (Chin, J.) PFL c/c (dg) |
| Apr. 3, 1997 | 10) | Commonwealth's assented to motion to continue and Allowed; Trial continued to May 22, 1997. - (Brassard,J) PFL kan |
| June 4, 1997 | | Retracts and Pleads Guilty. ET/hlm |
| June 4, 1997 | 11) | Findings on Plea of Guilty. (Rivard-Rapoza, J.) ET/hlm |
| June 4, 1997 | | Sentenced to Massachusetts State Prison for the term of not more than twenty (20) years nor less than twelve (12) years as to Offense A; Deft. advised of his right to appeal to the Appellate Division of the Superior Court for a review of sentence; Deft. ordered to pay $60.00 to the Victim Witness Assistance Fund; the Court on imposing said sentence orders that the Deft. be deemed to have served - 388 - days of said sentence. (Rivard-Rapoza, J.) ET/hlm |
| June 4, 1997 | | Warrant Issued: Superintendent commanded to withdraw first Sixty ($60.00) Dollars from Defendant's Savings or Personal Account to pay to Court the Victim Witness Assessment Fee. |
| June 4, 1997 | | Dismissed at Request of the Commonwealth by Order of the Court as to Offense B. (Rivard-Rapoza, J.) ET/hlm |
| June 30, 1997 | 12) | Agreement of Witness to Testify. lmc |
| July 17-97 | | Victim Witness Assessment Fee in the amount of $60.00 paid. hlm |
| July 28-97 | 13) | Motion to Permit CPCS to Expend Additional Funds for Investigative Services, Allowed. (Toomey, J.) PRA/hlm |

Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Criminal Docket

02/11/2004
03:28 PM

## BRCR1996-00218
## Commonwealth v Arzeno, Luis

| File Date | 07/08/1996 | Status | Disposed (disp) |
|---|---|---|---|
| Status Date | 09/04/1997 | Session | 1 - Crim 1 Ctrm 1 -upper (New Bedford) |
| Jury Trial | Unknown | Origin | I - Indictment |
| Lead Case | | | |

| Trial Deadline | | Deadline Status | | Status Date | |
|---|---|---|---|---|---|
| | | Custody Status | | Start Date | |
| Weapon | | Substance | | Prior Record | Unknown |
| Arraignment | | PTC Deadline | | Pro Se Defendant | No |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 05/11/1996 | 265/1 | Guilty plea | 09/04/1997 |
| | MURDER c265 s1 | | | |
| 2 | 05/11/1996 | 265/15A/A | Dismissed | 06/04/1997 |
| | A&B WITH DANGEROUS WEAPON c265 s15A(b) | | | |

### PARTIES

**Plaintiff**
Commonwealth
Gender: Unknown
Active 07/08/1996

**Defendant**
Luis  Arzeno
M.C.I. Gardner
P.O. Box 466
Gardner, MA 01440
Gender: Unknown
Active 07/08/1996 Notify

**Other interested party**
File Copy
Gender: Unknown
Active 05/06/2002 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/08/1996 | 1.0 | Indictment returned |
| 06/04/1997 | | RE Offense 2:Dismissed |
| 09/04/1997 | | Status at conversion |
| 04/04/2002 | 14.0 | Defendant's Stubbs motion; Affidavit in support (referred to Connon, |

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

## BRCR1996-00218
## Commonwealth v Arzeno, Luis

| Date | Paper | Text |
|------|-------|------|
| | 14.0 | J) |
| 04/22/2002 | | Motion (P#14) denied (Richard F. Connon. RAJ) Copies mailed May 6, 2002 |
| 05/09/2002 | 15.0 | Deft files objection to the Court's denial of his stubbs motion |
| 05/15/2002 | 16.0 | Motion by Deft: for a free copy of the plea colloquy (sent to Connon, J) |
| 05/15/2002 | 17.0 | Motion by Deft: to withdraw guilty pleas; Affidavit in support; Memorandum of law in support (referred to Connon, J) |
| 06/26/2002 | | Motion by Deft: #16, the Court is instructed to obtain a copy of the transcript of the plea hearing for the Court. (Gary A. Nickerson, Justice) |
| 06/26/2002 | 18.0 | Court Reporter Lori Saulnier is hereby notified to prepare one copy of the transcript of the plea hearing of June 4, 1997 |
| 07/18/2002 | 19.0 | Transcript of disposition received volumes # 1 from court reporter, Saulnier, Lori E. |
| 07/18/2002 | | Motion (P#17 - Defendant's Motion to Withdraw Guilty Pleas) DENIED - This motion presents two grounds for a new trial.  Claim I, ineffective assistance, was the subject of defendant's Stubbs motion previously denied by Justice Connon on 4/22/02.  This Court will not revisit Claim I.  Claim II alleges a defect in the plea colloquy. This Court has read the transcript of the plea colloquy.  While the justice taking the plea neither expressly advised the defendant of the elements of the indictment nor secured counsel's assurance that he had sone so, the defendant did admit to the prosecutor's detailed recitation of the facts forming the basis for the indictment.  Those facts covered, in terms specific to this case, the elements of the indictment.  See Commonwealth vs. Correa, 43 Mass. App. Ct. 714, 717 (1997).  There is no factual basis for the defendant's claim that he did not know the nature and dimensions of the offense.  (Nickerson, J.) |
| 07/26/2002 | 20.0 | Motion by Deft: for leave to file a motion for reconsideration of the denial of his motion to withdraw his guilty plea |
| 08/08/2002 | 21.0 | Luis Arzeno files motion for reconsideration of the denial of his motion to withdraw his guilty plea; Affidavit in support |
| 09/03/2002 | | Motion (P#20) allowed (Gary A. Nickerson, Justice). Copies mailed September 04, 2002 |
| 09/03/2002 | | Motion (P#21) denied, without a hearing, for the reasons set forth in the underlying motion (Gary A. Nickerson, Justice). Copies mailed September 4, 2002 |
| 09/10/2002 | 22.0 | NOTICE of APPEAL FILED by Luis Arzeno (re: denial of Stubb's motion, denial of motion to withdraw guilty plea, denial of motion for reconsideration of motion to withdraw guilty plea) |
| 09/17/2002 | 23.0 | Statement of the case |
| 09/17/2002 | 24.0 | Notice of assembly of record; mailed to Appeals Court per Rule 9(d) |
| 09/17/2002 | | Notice of completion of assembly of record sent to clerk of Appeals Court and attorneys for the Commonwealth and defendant. |

**Commonwealth of Massachusetts**
BRISTOL SUPERIOR COURT
Case Summary
Criminal Docket

02/11/2004
03:28 PM

## BRCR1996-00218
## Commonwealth v Arzeno, Luis

| Date | Paper | Text |
|------|-------|------|
| 09/23/2002 | 25.0 | Notice of Entry of appeal received from the Appeals Court |
| 08/21/2003 | 26.0 | Rescript received from Appeals Court; judgment AFFIRMED Orders denying motions to vacate sentence and to withdraw guilty plea affirmed |

EVENTS

# EXHIBIT B

**\*149** 792 N.E.2d 149

58 Mass.App.Ct. 1109

NOTICE: THIS IS AN UNPUBLISHED OPINION.

Appeals Court of Massachusetts.

**COMMONWEALTH,**
v.
**Luis ARZENO.**

**No. 02-P-1280.**
July 22, 2003.

*MEMORANDUM AND ORDER*
*PURSUANT TO RULE 1:28*

The defendant pleaded guilty to voluntary manslaughter and was sentenced to twelve to twenty years in Massachusetts State prison. On April 2, 2002, he filed a motion to vacate his sentence and plead anew, which was denied. On May 15, 2002, the defendant moved to withdraw his guilty plea; he thereafter sought reconsideration of the denial of that motion, which also was denied.

*Denial of Stubbs Motion.* The defendant first claims that the judge abused his discretion when he denied his motion to vacate his sentence, filed pursuant to *Commonwealth v. Stubbs,* 15 Mass.App.Ct. 955 (1983) , where we said: "If there is a finding of ineffective assistance of counsel based on counsel's failure to file in a timely manner, as he promised, a motion to revoke or revise sentence, the judge should vacate the sentence and reimpose it, thereby affording the defendant an opportunity to file timely a motion pursuant to Mass.R.Crim.P. 29(a) to revise the new sentence." *Ibid.*

Here, there was no showing by the defendant of any ineffectiveness on the part of trial counsel. His motion did not present any new evidence to the sentencing judge, request a hearing, or state why a motion to revise and revoke would have been successful if filed. Nor does the defendant's assertion, that trial counsel told him he would "bring [him] back before the court on a motion to reduce [his] sentence to time served after [he] served half of the sentence (six years)," R.A. 7, establish that trial counsel promised to file a motion to revise and revoke. The motion was properly denied.

*Motion to withdraw guilty plea.* The defendant next claims that his motion to withdraw his guilty plea was improperly denied. He argues that he was not informed of the nature of the charges and therefore the plea was not knowingly and intelligently entered into. "A plea is intelligently made when the defendant has knowledge of the elements of the charges against him." *Commonwealth v. Correa,* 43 Mass.App.Ct. 714, 717 (1997). The defendant's knowledge of the elements of voluntary manslaughter may be established through the defendant's stated admission to facts recited during the colloquy that constituted the unexplained elements. *Ibid.*

Here, the defendant admitted to facts, recited by the Commonwealth during the colloquy, that he brought a concealed knife to a concert; he was involved in a "heated exchange" with the victim at the concert; shortly after that argument ended, the defendant's friend and the victim became involved in a physical altercation; during this fight the defendant stabbed the victim three times, puncturing each of the victim's lungs and his heart, causing his death. R.A. 47-49. These facts make out the elements of voluntary manslaughter--that the defendant unlawfully and intentionally inflicted upon the victim an injury likely to cause death, which actually caused death. *Commonwealth v. Ware,* 53 Mass.App.Ct. 238, 241 (2001). There was no error.

We affirm the orders denying the motions to vacate sentence and to withdraw guilty plea.

*So ordered.*

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

# EXHIBIT C

797 N.E.2d 379, 440 Mass. 1103, Com. v. Arzeno, (Mass. 2003)    **Page 1**

**\*379** 797 N.E.2d 379

440 Mass. 1103

(The Court's decision is referenced in a "Supreme Judicial Court of Massachusetts Further Appellate Review" table in the North Eastern Reporter.)

Supreme Judicial Court of Massachusetts.

**Commonwealth**
v.
**Luis Arzeno**
October 03, 2003

Appeal From:  58 Mass.App.Ct. 1109, 792 N.E.2d 149.

DENIED.

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.