# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LUIS ARZENO, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 04-40001-FDS |
| STEVEN O'BRIEN, | ) | |
| Respondent. | ) | |

## ORDER

**SAYLOR, J.**

On January 5, 2004, Luis Arzeno filed a *pro se* petition pursuant to 28 U.S.C. § 2244 for a writ of habeas corpus on the grounds that he was confined in violation of federal law at the North Central Correctional Institution in Gardner, Massachusetts. Arzeno's habeas petition raises two grounds for relief.

First, Arzeno claims his guilty plea was not voluntarily tendered because the court's plea colloquy, the prosecutor's statement of facts, and his attorney's advice did not provide him adequate notice of the nature of the charges against him. Second, Arzeno claims ineffective assistance of counsel because his counsel advised that if he pleaded guilty he would file a motion to revise or revoke his sentence that would entitle him to reduction of his sentence to time served after six years. Arzeno additionally claims that his counsel, Gerald FitzGerald, did not file the motion to revise or revoke because he was appointed to the district attorney's office which prosecuted him "soon" after his plea of guilty.

On March 31, 2004, respondent O'Brien filed a motion to dismiss, arguing that Arzeno's petition is time-barred under 28 U.S.C. § 2244(d). For the reasons set forth below, the motion is GRANTED.

First, state prisoners have a one-year period after their judgments became final to file a habeas petition under 28 U.S.C. § 2244(d)(1)(A). The period begins to run on the latest date of "the conclusion of direct review or the expiration of time to seek such review." Arzeno pleaded guilty on June 4, 1997. Mass. R. App. P. 4(b) provides that appeals shall be filed within thirty days after the imposition of sentence. Arzeno's judgment thus became final on July 4, 1997, when his time for filing an appeal under Mass. R. App. P. 4(b) expired. Thus, under 28 U.S.C. § 2244(d)(1)(A), Arzeno was required to file his habeas petition asserting that his guilty plea was not tendered knowingly by July 4, 1998. Since the petition was not filed until January 5, 2004, Arzeno's claim is time-barred under § 2244(d)(1)(A) and is therefore DENIED.

Second, Arzeno claims he was denied effective assistance of counsel when his attorney, Mr. FitzGerald, failed to file a motion to revise or revoke his sentence. Motions to revise or revoke a sentence must be filed within sixty days after the imposition of sentence under Mass. R. Crim. P. 29(a). The motion to revise or revoke therefore should have been filed by August 3, 1997.

State prisoners must file habeas petitions within one year of the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" pursuant to 28 U.S.C. § 2242(d)(1)(D). Arzeno knew or should have known of his attorney's failure to file the motion to revise or revoke on, or very shortly after, the date the motion was due. Under the statute, Arzeno was required to file his habeas petition by August 3, 1998, or at the latest shortly thereafter. Moreover, Arzeno knew or should have known that he

was no longer represented by Mr. FitzGerald as of the date Mr. FitzGerald joined the district attorney's office, or at the latest shortly thereafter. Arzeno does not indicate the date that Mr. FitzGerald joined the prosecutor's office, except to say that it was "soon" after his guilty plea. Even if one interprets "soon" to mean "five years later," Arzeno's January 5, 2004 habeas petition was filed well beyond the one-year period of limitation required by § 2242(d)(1)(D). Accordingly, Arzeno's claim of ineffective assistance of counsel is also DENIED.

    The petition seeking habeas relief is therefore DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 1, 2004